UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DAVID HERBAUGH, Booking #18120621, ANTHONY JEROME SMITH, Booking #18125428<br><br>Plaintiffs,<br><br>vs.<br><br>SAN DIEGO SHERIFF'S DEP'T; GEORGE BAILEY CENTRAL JAIL MEDICAL STAFF,<br><br>Defendants. | Case No. 18-cv-1748-BAS-WVG<br><br>**ORDER:**<br><br>**(1) DISMISSING PLAINTIFF ANTHONY JEROME SMITH;**<br><br>**(2) DENYING SMITH'S MOTION TO PROCEED IFP WITHOUT PREJUDICE;**<br><br>**3) DISMISSING CIVIL ACTION FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)**<br><br>**AND**<br><br>**(4) TERMINATING MOTION TO PROCEED IFP AS MOOT** |

Plaintiffs John David Herbaugh and Anthony Jerome Smith, both currently housed at the George Bailey Detention Facility ("GBDF") in San Diego, California, and proceeding *pro se*, have filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Each Plaintiff has also filed a motion to proceed *in forma paupers* ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF Nos. 2, 3.) For the reasons herein, the Court: (1) dismisses Plaintiff Smith's claims under Rule 21, (2) denies his IFP motion without prejudice, (3) dismisses Herbaugh's claims in this action, and (4) terminates Herbaugh's motion to

1

proceed IFP as moot.

## I. DISMISSAL OF PLAINTIFF ANTHONY JEROME SMITH

This action is brought on behalf of two separate Plaintiffs. Joinder of plaintiffs under Rule 20(a)(1) is permissible if "(1) the plaintiffs assert[ ] a right to relief arising out of the same transaction and occurrence and (2) some question of law or fact common to all the plaintiffs will arise in the action." *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013) (citing Fed. R. Civ. P. 20(a)) (emphasis omitted). However, when considering the propriety of joinder, district courts in the Ninth Circuit traditionally recognize that "[a]ctions brought by multiple pro se prisoners present unique problems not presented by ordinary civil litigation which may result in delayed case management, confusion, and prejudice to individual plaintiffs." *Jones v. California State Superior Courts*, No. 1:17-CV-00232 LJO BAM PC, 2018 WL 2287952, at *5 (E.D. Cal. May 18, 2018); *Rubino v. Hayes*, No. C 14-05553 EJD (PR), 2015 WL 13359487, at *2 (N.D. Cal. June 2, 2015). Both Plaintiffs in this case raise inadequate medical care claims that will require an individualized analysis and consideration of facts specific to each individual Plaintiff. The Court believes that joinder of the Plaintiffs' claims in one action is thus inappropriate.

Moreover, the Court takes judicial notice that Plaintiff Smith has filed a separate action in which he is suing the same Defendants in this action and appears to raise identical claims found in this action. A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Although the action before this Court provides very few factual allegations regarding Plaintiff Smith, it is clear that he alleges denial of adequate medical treatment in both actions. *See Smith v. San Diego Central Jail, et al.*, No. 3:18-cv-01872-JLS-KSC (S.D. Cal). The second *Smith* case provides more factual details regarding Plaintiff Smith's claim and, thus, the Court finds it provides a superior vehicle for review of Plaintiff's claim. Accordingly, the Court concludes it is appropriate to dismiss Plaintiff Smith from this action pursuant to Rule 21

and deny his motion to proceed IFP without prejudice to Plaintiff Smith pursuing the claims he asserts in the pending *Smith v. San Diego Central Jail, et al.*, No. 3:18-cv-01872-JLS-KSC, case.

## II. DISMISSAL OF PLAINTIFF HERBAUGH'S CLAIMS PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

Plaintiff Herbaugh has also moved to proceed IFP. (ECF No. 2.) A review of the Complaint reveals that the only potentially permissible claims he alleges are duplicative of claims he has raised in a previous case as well as other cases which are pending in this District. In the particular circumstances of this case[1], the Court finds it is appropriate to dismiss Plaintiff Herbaugh's claims at the outset based on the screening standards applicable to an IFP motion and to terminate Plaintiff Herbaugh's motion to proceed IFP as moot.

### A. Standard of Review

Because Plaintiff is a prisoner and requests IFP status, his Complaint would require a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"

---

[1] Plaintiff Herbaugh's IFP motion would not be subject to denial. In support of the motion, he has submitted a prison certificate authorized by a GBDF administrative lieutenant attesting to his trust account activity. (*See* ECF No. 2 at 4); 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L.R. 3.2. This statement shows Plaintiff Herbaugh has had no monthly deposits to his account, has carried no balance over the six month period preceding the filing of his Complaint, and that his current available balance is zero. However, because Herbaugh's Complaint is subject to summary dismissal as duplicative, the Court will not undertake the idle act of granting IFP status.

1  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

### B.  Inadequate Medical Care Claims

A prisoner's complaint is considered frivolous under 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). In this case, Plaintiff Herbaugh sues the "entire medical staff" of the "Sheriff's Department" and alleges that he has been "denied a walking implement" and he has been "forced to walk without help from crutch, cane, or other source resulting in complications to pre-existing condition." (Compl. at 3.) Plaintiff Herbaugh also alleges that he has been denied "proper medication for level of pain experienced." (*Id.*) The Court takes judicial notice that these claims are identical to claims

that Plaintiff Herbaugh has previously brought in *Herbaugh v. 3970 ARJIS, et al.*, No. 3:18-cv-01316-AJB-BLM, (S.D. Cal.) ("*Herbaugh I*") and is currently litigating in two other cases.[2] In *Herbaugh I*, Plaintiff Herbaugh alleges that he was denied "walking implements" and was "forced to walk with extreme pain." (*Id.*, ECF No. 1 at 3.) He further claimed that he only received "tylenol without any means of proper care." (*Id.* at 4.) Those allegations are reiterated in the two other pending actions against several defendants. Because Plaintiff Herbaugh's inadequate medical care claims are duplicative of claims that he has raised in a previous action and is currently litigating in two other actions, the Court deems his inadequate medical care claims in this case as "frivolous." Accordingly, the Court dismisses these claims.

### C. The San Diego County Sheriff's Department ("SDCSD") is Not a Proper Section 1983 Defendant

Although Plaintiff Herbaugh's claims against "medical staff" in this case are subject to dismissal as frivolous, the Court also finds that Plaintiff Herbaugh fails to state a claim upon which Section 1983 relief may be granted insofar as he asserts a claim against SDCSD. Because Plaintiff Herbaugh's other pending cases do not name SDCSD as a defendant, the Court specifically addresses his claims against this Defendant.

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "Persons" who may be sued under Section 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. *Vance v. Cty. of Santa Clara*, 928 F. Supp. 993, 995–96 (N.D. Cal. 1996). Departments of municipal entities, however, are not "persons" subject to suit under Section 1983 and, therefore, a

---

[2] Plaintiff Herbaugh also appears to allege similar claims in *Herbaugh v. 3089 ARJIS, et al.*, No. 3:18-cv-01578-AJB-MDD, ECF No. 4 (S.D. Cal.), and *Herbaugh v. 3970 ARJIS, et al.*, No. 3:18-cv-01806-GPC-MDD, ECF No. 1 (S.D. Cal.).

local law enforcement department is not a proper party. *Id.* at 996 ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); *Powell v. Cook Cty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'").

The SDCSD is managed by and/or a department of the County of San Diego, but it is not a "person" subject to suit under Section 1983. *See e.g.*, *United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of section 1983."); *Rodriguez v. Cty. of Contra Costa*, 2013 WL 5946112 at *3 (N.D. Cal. Nov. 5, 2013) (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995)) ("Although municipalities, such as cities and counties, are amenable to suit under *Monell [v. Dep't of Social Servs.*, 436 U.S. 658 (1978)], sub-departments or bureaus of municipalities, such as the police departments, are not generally considered "persons" within the meaning of § 1983."); *Nelson v. Cty. of Sacramento*, 926 F. Supp. 2d 1159, 1170 (E.D. Cal. 2013) (dismissing Sacramento Sheriff's Department from section 1983 action "with prejudice" because it "is a subdivision of a local government entity," *i.e.*, Sacramento County). Accordingly, the Court dismisses SDCSD as a defendant with prejudice.[3] Because the only claims Plaintiff Herbaugh can properly assert are those which duplicate his claims in pending cases and would therefore be subject to dismissal as frivolous even if amended, the Court declines to grant leave to amend those claims.

### III. CONCLUSION & ORDER

For the foregoing reasons, the Court:

1. **DISMISSES** Plaintiff Anthony Jerome Smith from this action and **DENIES**

---

[3] To the extent Plaintiff Herbaugh intends to bring a claim against the County of San Diego based on the conduct of particular medical staff at the facility, the Court finds that this case is not the appropriate vehicle to do so.

Plaintiff Smith's Motion to Proceed IFP (ECF No. 3) without prejudice to proceed in *Smith v. San Diego Central Jail, et al.*, No. 3:18-cv-01872-JLS-KSC[4],

    2.    **DISMISSES WITHOUT LEAVE TO AMEND** Plaintiff Herbaugh's Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and

    3.    **TERMINATES AS MOOT** Herbaugh's motion to proceed IFP in this case. (ECF No. 2.)

**IT IS SO ORDERED.**

**DATED: September 11, 2018**

Hon. Cynthia Bashant
United States District Judge

---

[4] Plaintiff Smith is cautioned that this action is subject to *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A.